MILLS, Judge,
dissenting:
I dissent. I would affirm this intriguing case of confusion and errors because to do otherwise would totally ignore the justice it demands.
H.R.S. filed a petition alleging that a five-year-old female child was a dependent child because she had been exposed on numerous occasions to sexual fondling and to oral sexual acts by her stepfather. After the adjudicatory hearing, the trial court found the child to be a dependent child for the reasons alleged in H.R.S.'s petition and because the child’s natural mother was told of the incidents but did not provide help for her child. The trial court ordered that the child remain in the custody of her natural mother but under the supervision of H.R.S.[1]
The child’s natural mother, who defended this action, did not appeal the trial court’s order on the merits but did appeal the trial court’s refusal to grant her motion to dismiss the petition because the adjudicatory hearing was not held on the petition within 90 days of its filing as required by Fla.R. Juv.P. 8.180.
The petition was filed on 18 July 1983. The case went to hearing on 21 October 1983. This was five days after the expiration of the 90th day.
H.R.S. contends the mother sought numerous continuances. This she denies. The mother contends H.R.S. sought numerous continuances. This it denies. None of the motions was reduced to writing. None of the motions was approved by court order.
The trial court ruled that the speedy trial rule does not apply in juvenile cases. It denied the mother’s motion to dismiss but granted H.R.S.’s oral motion for extension of time for the adjudicatory hearing subsequent to the 90-day period. A written order was never rendered. The trial court ignored Fla.R.Juv.P. 8.180.
I have no quarrel with the law cited by the majority. Nevertheless, my sense of morality, my sense of justice, my paternal feeling for this little girl upon whom the stepfather has inflicted numerous atrocious sexual abuses with the knowledge and consent of the natural mother is more than I can or will tolerate.
The mother’s statement in her reply brief that “[ojnce an abuse case is dismissed, another such case may still be pursued on acts of abuse occurring after the dismissal” is nauseating to me. How much must this little girl endure before someone helps her?
In a case such as this, are we compelled to blindly adhere to the law? Are we to totally disregard the consequences? Are we to totally ignore this child and her life? Are we to abandon this child to this barbaric treatment?
I say no! This is a case where common sense needs to be placed on the scales of justice, and when this is done there is no doubt but that the scales balance heavily in favor of an affirmance of this case.
It is necessary that I challenge the statements made in the second, third and fourth paragraphs of the specially concurring opinion.
None of these statements is supported by the record on appeal filed by the mother in this appeal. The record on appeal consists of a petition for dependency, motion to dismiss petition and an order adjudicating the child a dependent. The petition alleged that the child was a dependent child because she had been exposed on numerous *1151 occasions to sexual fondling and to oral sexual acts by her stepfather. The motion to dismiss alleged that the petition should be dismissed because the adjudicatory hearing was not held within 90 days of the filing of the petition. The order adjudicating the child a dependent found that the child had been exposed on numerous occasions to sexual fondling and oral. sexual acts by her stepfather and that the child’s mother was told by the child on at least two occasions but she did not provide help for the child.
This Court is not permitted to indulge in factual assumptions nor is it permitted to state facts based on its knowledge and belief. Our factual statements must be based on the record made in the trial court and filed in the appeal.
Also, it is important that I point out that the reversal of this case by the majority will result in the return of this child to the home environment in which she was so repulsively sexually abused. Even HRS supervision would be terminated.
Perhaps I will be condemned for ignoring the law, but if I am, so be it. I had rather be condemned and know that I tried to save one little girl’s life, one I do not know, but for whom I have great compassion.

. If H.R.S. had appealed from this part of the trial court’s order, I would have reversed because, under the facts of this case, the mother was unfit to have custody of her child.